ORIGINAL

cc: KJM/π

IN THE UNITED STATES DISTRICT COURT

FOR THE _____ DISTRICT OF _Hawaii_

_____ DIVISION

*(Write the District and Division, if any, of
the court in which the complaint is filed.)*

**FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII**

**FEB 01 2019**

at _2_ o'clock and _00_ min. _P_ M
**SUE BEITIA, CLERK**

_James E. Preusser_

_____

_____

*(Write the full name of each plaintiff who is filing
this complaint. If the names of all the plaintiffs
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names.)*

-against-

_Kaiser Foundation Health Plan, Inc.,
and its affiliates, Dennis Dabney,
Gregory Adams, Michael Rembis,_

*(Write the full name of each defendant who is*   _see
being sued. If the names of all the defendants_  _Attached_
*cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names.)*

**Complaint for Employment
Discrimination**

**CV19  00058  KJM**

Case No. _____

*(to be filled in by the Clerk's Office)*

Jury Trial:   ☒ Yes   ☐ No
                *(check one)*

**Received By Mail**
Date _2/1/2019_
         hj

**Mailed On**
Date _2/1/2019_
         hj

FSC complaint, consent, waiver,
     Notice, memo, R.16

Paid 2/1/19
         hj

✱ Additional Defendants

Charles Columbus, Arlene Peasnall,
and Jean Melnikoff

## I.   The Parties to This Complaint

### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name — James E. Preusser
Street Address — 13301 Vennetta Way
City and County — Windermere, Orange County
State and Zip Code — Florida   34786
Telephone Number — 407-967-2003
E-mail Address — Jlpreusser18@gmail.com

### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known).  Attach additional pages if needed.

Defendant No. 1

Name — Kaiser Foundation Health Plan, Inc., and its affiliates
Job or Title (if known)
Street Address — 501 Ala Kawa Street, Suite 301
City and County — Honolulu, Honolulu County
State and Zip Code — Hawai'i   96817
Telephone Number — 808-432-4900
E-mail Address (if known)

Defendant No. 2

Name — Dennis Dabney
Job or Title (if known) — Senior Vice President of National Labor Relations
Street Address — 1 Kaiser Plaza
City and County — Oakland, Alameda County

2

State and Zip Code _California 94612_

Telephone Number _510-271-5910_

E-mail Address
(if known) _____

Defendant No. 3

Name _Gregory Adams_

Job or Title _Executive Vice President and Group_
(if known) _President, Kaiser Foundation Health Plan, Inc._

Street Address _1 Kaiser Plaza_

City and County _Oakland, Alameda County_

State and Zip Code _California 94612_

Telephone Number _510-271-5910_

E-mail Address
(if known) _____

Defendant No. 4

Name _Michael Rembis_

Job or Title _Chief Executive Officer and Hospital_
(if known) _Administrator for Maui Health System_

Street Address _221 Mahalani Street_

City and County _Wailuku, Maui County_

State and Zip Code _Hawai'i 96793_

Telephone Number _808-244-9056_

E-mail Address
(if known) _____

## C.   Place of Employment

The address at which I sought employment or was employed by the defendant(s) is:

Name _Kaiser Permanente_

Street Address _501 Ala Kawa Street Suite 201_

City and County _Honolulu, Honolulu County_

State and Zip Code _Hawai'i 96817_

Telephone Number _808-432-4900_

3

State and Zip Code _____
Telephone Number _____
E-mail Address _____
(if known)

Defendant No. 1 5

 Name       Charles Columbus
 Job or Title     Senior Vice President and Chief Human
 (if known)     Resource Officer, Kaiser Foundation Health
 Street Address    1 Kaiser Plaza   Plan, Inc.
 City and County   Oakland, Alameda County
 State and Zip Code   California 94612
 Telephone Number   510 - 271 - 5910
 E-mail Address _____
 (if known)

Defendant No. 4 6

 Name       Arlene Peasnall
 Job or Title     Senior Vice President of Human
 (if known)     Resources for Southern California &
 Street Address    10800 Magnolia Avenue Hawai'i;
 City and County   Riverside, Riverside County
 State and Zip Code   California 92505
 Telephone Number   951 - 353 - 2000
 E-mail Address _____
 (if known)

C.   **Place of Employment**

The address at which I sought employment or was employed by the defendant(s)
is:

 Name       Kaiser Permanente
 Street Address    501 Ala Kawa Street Suite 301
 City and County   Honolulu, Honolulu County
 State and Zip Code   Hawai'i; 96817
 Telephone Number   808 - 432 - 4900

3

State and Zip Code _____

Telephone Number _____

E-mail Address _____
(if known)

Defendant No. 3 7

Name _____ Jean Melnikoff

Job or Title _____ Vice President Human Resources
(if known) Hawaii Region

Street Address _____ 501 Ala Kawa Street Suite 301

City and County _____ Honolulu, Honolulu County

State and Zip Code _____ Hawaii 96817

Telephone Number _____ 808-433-4900

E-mail Address _____
(if known)

Defendant No. 4

Name _____

Job or Title _____
(if known)

Street Address _____

City and County _____

State and Zip Code _____

Telephone Number _____

E-mail Address _____
(if known)

## C.    Place of Employment

The address at which I sought employment or was employed by the defendant(s)
is:

Name _____ Kaiser Permanente

Street Address _____ 501 Ala Kawa Street Suite

City and County _____ Honolulu, Honolulu County 301

State and Zip Code _____ Hawaii 96817

Telephone Number _____ 808-433-4900

3

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒  Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

   *(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐  Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

   *(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐  Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

   *(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐  Other federal law *(specify the federal law)*:

   _____

☒  Relevant state law *(specify, if known)*:   Hawaii Employment Practices Act

☐  Relevant city or county law *(specify, if known)*:

   _____

## III.   Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.   See Attached Complaint

4

A.  The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐   Failure to hire me.

☐   Termination of my employment.

☐   Failure to promote me.

☐   Failure to accommodate my disability.

☐   Unequal terms and conditions of my employment.

☐   Retaliation.

☒   Other acts *(specify)*: Job Reassignment based on Race

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.  It is my best recollection that the alleged discriminatory acts occurred on date(s)

April 6, 2018

C.  I believe that defendant(s) *(check one)*:

☐   is/are still committing these acts against me.

☒   is/are not still committing these acts against me. because I resigned

D.  Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☒   race    Caucasian

☒   color   white skin

☐   gender/sex _____

☐   religion _____

☐   national origin _____

☐   age.  My year of birth is _____.  *(Give your year of birth only if you are asserting a claim of age discrimination.)*

☐   disability or perceived disability *(specify disability)*

_____

E.  The facts of my case are as follows.  Attach additional pages if needed.

See Attached Complaint with FACTS

_____

_____

_____

_____

_____

_____

*(Note:  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

IV.   **Exhaustion of Federal Administrative Remedies**

A.   It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

_____ 09/27/2018 _____

B.   The Equal Employment Opportunity Commission *(check one)*:

☐   has not issued a Notice of Right to Sue letter.

☒   issued a Notice of Right to Sue letter, which I received on *(date)*

_____ 11/06/2018 _____.

*(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.   Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐   60 days or more have elapsed.

☐   less than 60 days have elapsed.

## V.      Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

*See Attached Relief*

## VI.     Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.      For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 1/29, 2019

Signature of Plaintiff      *Jan E. Preusser*

Printed Name of Plaintiff   *James E. Preusser*

7

**B.**    **For Attorneys**

Date of signing: _____, 20__.

Signature of Attorney            _____

Printed Name of Attorney        _____

Bar Number                      _____

Name of Law Firm                _____

Address                         _____

Telephone Number                _____

E-mail Address                  _____

INTRODUCTION

Plaintiff brings this action against Defendants, KAISER FOUNDATION HEALTH PLAN, INC, and its affiliates, a Hawaii nonprofit corporation; DENNIS DABNEY, GREGORY ADAMS, MICHAEL REMBIS, CHARLES COLUMBUS, ARELENE PEASNALL, and JEAN MELNIKOFF because Plaintiff was removed from his job assignment as the Chief Negotiator for Maui Health System (MHS) by Defendants as a result of (1) Defendants' practice of unlawful race discrimination; (2) Defendants' failure to investigate the race discrimination brought to their attention on multiple occasions; and (3) as a result of Defendants' conspiracy to deprive persons of civil rights and interference with equal privileges and immunities under the laws, in violation of 42 U.S.C.A. § 1981; 42 U.S.C.A. § 1985(3); Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e et seq., as amended ("Title VII"); and the Hawaii Employment Practices Act, H.R.S. § 378-2 Discriminatory Practices.

Defendants have conspired amongst themselves to make assumptions based on stereotypes. Specifically, the corporate Defendants have identified another employee of Polynesian descent to receive preferential treatment.

2

The Plaintiff, as a Caucasian Chief Negotiator, had successfully negotiated multiple contracts in the Hawaii Region over a two (2) year period. In addition, Plaintiff was a successful Chief Negotiator with the MHS bargaining in terms of strategy and execution. Defendants' identified a Polynesian employee located in the Northern California Region and replaced the Caucasian Chief Negotiator because the Polynesian Chief Negotiator represented the same race and ethnicity as the opposing party with the Union. The Caucasian Chief Negotiator was forced out under excessive scrutiny in spite of his superior qualifications and performance, while the Chief Negotiator of Polynesian descent was retained in spite of problems with his past performance in the Hawaii Region. The Corporate Defendants have succumbed to this segregated arrangement and allowed bias to dictate their business decisions. This is illegal and is a violation of Title VII, 42 U.S.C.A. § 1981 and the Hawaii Employment Practices Act, H.R.S. § 378-2 Discriminatory Practices. Illegal job assignment changes were made with regard to the MHS Chief Negotiator role based on race and ethnicity. None of these factors is a bona fide occupational qualification.

## PARTIES

1. Plaintiff JAMES E. PREUSSER (hereinafter "JAMES") was a resident of the City and County of Honolulu, State of Hawai`i at the time of the race discrimination. Currently, he resides in Orlando, Florida.

3

James is a Caucasian male who began his career with Kaiser Permanente (KP) in November 2013 as a Senior Labor Relations Consultant in the Northern California Region. He was recruited by Kaiser Permanente from the Walt Disney Company where he had twenty (20) years of experience in Operations, Labor Operations, Labor Relations, and Recruitment.

3.      He was the Chief Negotiator for KP while bargaining with California Nurses Association (CNA) for the opening of the San Leandro Medical Center. He was on the 2014 CNA bargaining team as second chair where he was instrumental in drafting and coordinating all proposals for bargaining. In addition, James successfully completed numerous effects bargaining for KP throughout the Northern California Region at several medical centers as the Chief Negotiator.

4.      James was promoted to a Manager of Labor Relations in Northern California in 2015 based on his previous performance in the Region.

5.      In August 2016, James was promoted again to Regional Director of Employee and Labor Relations for the Hawaii Region.

6.      James' work as Chief Negotiator for the Hawai'i Region and MHS was exceptional. 2017 performance evaluation was rated EXCELLENT.

7.      Under his leadership for the Hawai'i Region alone in 2017/2018, James was able to closeout bargaining with five (5) tentative agreements for three (3) different Unions – three (3) bargaining tables with the Hawai'i Nurses Association (HNA), one (1) bargaining table with UNITE HERE, Local 5, and one (1) bargaining table with the International Longshore and Warehouse Union (ILWU).

4

Individual defendants, Dennis Dabney Gregory Adams, and Charles Columbus
work at the corporate headquarters of Kaiser Permanente in Oakland, California.
We do not know their residential city and county. Michael Rembis works and
resides in the city and county of Maui, Hawai'i. Arlene Peasnall works at Kaiser
Permanente in Riverside, California. We do not know her residential city and
county. Jean Melnikoff works and resides in the city and county of Honolulu,
Hawai`i.

8.     The Corporate Defendants have all interacted with the Hawai'i Region
in various ways. Each were involved with the MHS bargaining and were well
aware at one point or another the job reassignment of the the Plaintiff. In addition,
key Defendants were made aware of the allegation of racial discrimination and did
not conduct an investigation. They remained silent and did not report this to the
Chief Human Resource Officer for further investigation. Defendant Jean
Melnikoff's own words on April 6, 2018 confirm the belief that racial discrimination
took place. Defendants are required to report and/or investigate allegations of racial
discrimination as officers of Kaiser Permanente and its affiliates; especially when
the allegation involves Senior Executives.

9.     Defendant Dennis Dabney, is the Senior Vice President of National
Labor Relations and the Office of the Labor Management Partnership. Dennis
reports to Charles Columbus, Senior Vice President and Chief Human Resource
Officer, Kaiser Foundation Health Plan, Inc. and Hospitals. Dennis Dabney is of
African American descent.

10.     Defendant Gregory Adams is the Executive Vice President and Group President for Kaiser Foundation Health Plan, Inc. and Hospitals.  Greg reports to Bernard Tyson, Chairman and Chief Executive Officer, Kaiser Permanente.  Greg is of African American descent.

11.     Defendant Michael Rembis is the Chief Executive Officer and Hospital Administrator for Maui Health System.  Michael reports to Gregory Adams, Executive Vice President and Group President for Kaiser Foundation Health Plan, Inc. and Hospitals.  Michael is Caucasian.

12.     Defendant Charles Columbus is the Senior Vice President and Chief Human Resource Officer, Kaiser Foundation Health Plan, Inc. and Hospitals. Charles reports to Bernard Tyson, Chairman and Chief Executive Officer, Kaiser Permanente.  Charles is Caucasian.

13.     Defendant Arlene Peasnall is the Senior Vice President of Human Resources for Southern California and Hawai'i.  Arlene reports to Charles Columbus, Senior Vice President and Chief Human Resource Officer, Kaiser Foundation Health Plan, Inc. and Hospitals.  Arlene is Caucasian.

6

14.     Defendant Jean Melnikoff is the Vice President of Human Resources

for the Hawai'i Region. She reports to Arlene Peasnall, Senior Vice President of

Human Resources for Southern California and Hawai'i.  Jean Melnikoff was

James' direct Leader.  Jean is Caucasian.

## JURISDICTION

15.     Jurisdiction is conferred on this Court pursuant to 28 U.S.C.A. § 1331

and 28 U.S.C.A. § 1332.   Venue is proper in this Court pursuant to 28 U.S.C.A. §

1391.

## FACTS

16.     Plaintiff James E. Preusser was promoted to the Regional Director of

Employee and Labor Relations for the Hawai'i Region in August 2016.

17.     Plaintiff James E. Preusser was immediately assigned the role of Chief

Negotiator for MHS bargaining in September 2016.  In fact, the main reason James

was hired by Jean Melnikoff, Arlene Peasnall, and Dennis Dabney was based on his

bargaining experience and Chief Negotiator expertise.

7

18.     From September 2016 to July 2017, bargaining strategy including wages, benefits, and working conditions were developed by James and reviewed by Executive Leaders including Dennis Dabney, Greg Adams, Michael Rembis, Charles Columbus and Jean Melnikoff.  Greg Adams controlled complete authority over all wage and benefit proposals.  Work rules were managed by James and the bargaining committee.

19.     On August 3, 2017 MHS Bargaining commenced with the Union, Hawai'i Government Employees Association (HGEA).   In October 2018, HGEA Chief Negotiator Irene Puuohau (Polynesian Female) spoke to Jean Melnikoff in her office and advised that Kaiser Permanente was successful with MHS bargaining because of James as the Chief Negotiator.  On November 30, 2017, James had placed a comprehensive package proposal on the bargaining table including wages, benefits, and remaining working conditions. By December 14, 2017, James had achieved twenty (20) agreements between the parties.  Between January 2018 and April 2018, James provided the Defendants with multiple wage and benefit proposals for settlement with the Union.  On, February 22, 2018 a detailed proposal description with estimated costing components were provided to the Defendants for consideration to settle the contract and close out bargaining.  Defendant Michael Rembis and Greg Adams were both in agreement with the proposal; however, Defendant Dennis Dabney was not in agreement and asked that James hold on proposing to the Union for settlement.

8

20.    On April 6, 2018, at 12:01pm Hawai'i Standard Time (HST), James provided a bargaining update to Defendant Dennis Dabney, Defendant Michael Rembis, and Defendant Jean Melnikoff which included a chronology of events, and a new proposal description with a detailed estimate for costing to settle bargaining with HGEA.

21.    On April 6, 2018, at approximately 12:05pm HST, Defendant Dennis Dabney contacted James from his cell phone.

22.    Defendant Dennis Dabney advised James he was removing him from MHS bargaining.  When James asked why, Dennis stated, "I don't think you can get an agreement."  In addition, James asked Dennis who would be taking his place and he stated, "I am working on that."

23.    On April 6, 2018, James entered Defendant Jean Melnikoff's office to update her with his conversation with Defendant Dennis Dabney.  Jean advised that Dennis had just called her a few minutes before calling James advising her of the job reassignment.  Dennis requested that Jean communicate to James the change.  Jean had refused and stipulated Dennis must contact James directly.

24.    On April 6, 2018, James communicated to Jean that Dennis stated he was working on a replacement as Chief Negotiator for MHS.  Jean commented that Dennis told her he had already made a decision and he had selected Albert Mossman (a Polynesian male) as the new Chief Negotiator for MHS.

9

25.   James asked why Dennis would make this job assignment change without a compelling reason when bargaining was near the end and there were no performance issues with James.

26.   Jean responded to James by saying, "This has nothing to do with your performance and everything to do with the color of your skin."

27.   On April 6, 2018, James asked Jean to get Charles Columbus, Chief Human Resource Officer involved.  Jean responded to James by saying, "We have to look at the long view for you and your career.  I don't know if I want to waste any political capital by reaching out to Chuck."

28.   On May 3, 2018, James asked Jean again to get Charles Columbus involved and investigate the job reassignment.  Again, Jean did not want to involve Charles Columbus.

29.   In June 2018, James provided Defendant Jean Melnikoff with a verbal notice of his resignation from Kaiser Permanente with a final day of employment of July 6, 2018.

30.   Prior to April 6, 2018, Defendant Jean Melnikoff had advised James in her office that Albert Mossman was attempting to return to Kaiser Permanente in the Northern California Region.  Jean expressed to James that Albert Mossman had performance issues as the Director of Employee and Labor Relations in the Hawai'i Region and both herself and Arlene Peasnall would be communicating this to Defendant Dennis Dabney and Deborah Catsavas, Senior Vice President of Human Resources, Northern California Region.

10

31.    Between April, 6, 2018 to July 6, 2018, James provided Albert
Mossman with all of his MHS bargaining information, including, but not limited to,
all proposals, costing, strategy, tentative agreements, withdrawn proposals, etc.

32.    Albert Mossman used James' work to continue with bargaining and
propose the same wage and benefit proposal (with a slight modification) to settle
bargaining with HGEA.

33.    Defendant Dennis Dabney conspired with Defendant Gregory Adams
and Defendant Michael Rembis to remove James E. Preusser as Chief Negotiator
for MHS because of his race, or his race was a motivating factor in their actions.

34.    Furthermore, Defendant Jean Melnikoff and Defendant Arlene
Peasnall knew the discriminatory behavior demonstrated towards James by other
Senior Executives was deliberate; however, both failed to contact Charles
Columbus to investigate their concerns.

35.    On November 14, Charles Columbus emailed James advising the
following: "James, thank you for your notes.  I am looking into the circumstances
around the events you describe and your departure.  I will get back with shortly."
Almost three (3) months passed with no response.  On January 28, 2019, Charles
Columbus responded to James indicating his claims had no merit.

36.    Kaiser Foundation Health Plan, Inc., and its affiliates, are responsible
for the actions of Dennis Dabney, Gregory Adams, Michael Rembis, Charles
Columbus, Arlene Peasnall, and Jean Melnikoff on the basis of the respondeat
superior doctrine.

11

37.     There is no merit to Defendants' job reassignment of Chief Negotiator for James E. Preusser.  There is no documentation to justify this change. Furthermore, James' performance evaluation dated March 21, 2018 will refute any argument from the Defendants.  Charles Columbus did not provide James with a reason for the job reassignment change in his email dated January 28, 2019.

38.     In addition, the HGEA Chief Negotiator Irene Puuohau will corroborate James' competence as the Chief Negotiator for MHS bargaining.

12

## COUNT I.

## CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS, IN VIOLATION OF 42 U.S.C.A. § 1985(3)

39.     Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth here.

40.     Defendants have conspired within and between themselves as separate corporate entities and individuals to segregate their employees, based on race.

Through this practice of racial segregation, Defendants have deprived a class of persons, including, but not limited to, Caucasian employees, of equal protection of the laws, and of equal privileges and immunities under the laws, and have individually and in concert acted in furtherance of that conspiracy.

41.     Plaintiff was injured by Defendants' conspiracy in that he is a member of a protected class and was deprived in his continued employment, in violation of 42 U.S.C.A. § 1985(3).

42.     Plaintiff is entitled to damages, as set forth below.

## COUNT II.
## RACIAL DISCRIMINATION, IN VIOLATION OF TITLE VII

43.     Plaintiff incorporates each and every preceding paragraph of this

Complaint as if set forth fully here.

44.     Plaintiff is of Caucasian ancestry and was involuntarily reassigned as MHS Chief Negotiator by Defendants from Kaiser Foundation Health Plan, Inc., because of his race, and was replaced by an employee of Polynesian ancestry. Defendants' actions constitute unlawful, intentional racial discrimination in violation of Title VII of the Civil Rights Act, as amended.

45.     Defendants willfully and wantonly disregarded Plaintiff's rights, and Defendants' racial discrimination against Plaintiff was undertaken in bad faith.

46.     Plaintiff is entitled to damages, as set forth below.

## COUNT III.
## RETALIATION, IN VIOLATION OF TITLE VII

47.     Plaintiff incorporates each and every preceding paragraph as if set forth fully here.  48.     Defendants subjected Plaintiff to adverse employment action for opposing unlawful and discriminatory employment practices.  Plaintiff internally complained of the discrimination that he was witnessing and Defendants refused to investigate unlawful employment discrimination.  Defendants' actions thus constitute unlawful retaliation for opposing employment practices made unlawful by Title VII, and is in violation of Title VII of the Civil Rights Act, as amended.

49.     Plaintiff is entitled to the relief set forth below.

14

COUNT IV.

## RACIAL DISCRIMINATION, IN VIOLATION OF THE DISCRIMINATION IN EMPLOYMENT PRACTICES ACT

50.     The preceding paragraphs are incorporated by reference as if fully set forth here.

51.     Defendants' job reassignment of Plaintiff was due, at least in part, to his race and constitutes unlawful discrimination in employment on the basis of race in violation of the Hawaii Employment Practices Act, H.R.S. § 378-2 Discriminatory Practices.52.     Plaintiff is entitled to the relief set forth below.

COUNT V.

## VIOLATIONS OF PROCEDURAL AND SUBSTANTIVE DUE PROCESS

53.     Plaintiff incorporates each and every preceding paragraph as if set forth fully here.

54.     There is not and never has been a reasonable basis for the job reassignment of James E. Preusser as Chief Negotiator for MHS bargaining.

55.     Defendants have acted arbitrarily, capriciously, dishonestly, and maliciously, with the specific and deliberate intent of harming James E. Preusser and destroying his credibility as a respected Labor Leader in the State of Hawai'i and the United States.

56.     James E. Preusser has no remedies available to him other than application for relief to this Court.

57.     The actions of the Defendants were done intentionally, knowingly, grossly negligently, and in conscious and wanton disregard of the rights of James E. Preusser, warranting an award of exemplary and punitive damages.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands a TRIAL BY JURY and that the following relief be granted:

1. Plaintiff be awarded a declaratory judgment that Defendants have violated 42 U.S.C.A. § 1981, 42 U.S.C.A. § 1985(3, Title VII of the Civil Rights Act, as amended and the Discrimination in Employment Act;

2. This Court enter a permanent injunction prohibiting Defendants from engaging in unlawful employment practices in violation of 42 U.S.C.A. § 1981, 42 U.S.C.A. § 1985(3), Title VII of the Civil Rights Act, and the Discrimination in Employment Act;

3. Plaintiff have and recover compensatory damages;

4. Plaintiff have and recover punitive damages;

5. Plaintiff have and recover his attorney's fees and costs of litigation pursuant to 42 U.S.C.A. § 1988 and 29 U.S.C.A. § 216; and HRS Ch. 578.

6. Such other and further relief that this Court or the finder of fact deems equitable and just.

DATED: Windermere, Florida, January 29, 2019.

James E. Preusser

16

## DEMAND FOR JURY TRIAL

Plaintiff James E. Preusser hereby demands trial by
jury on all claims and issues contained in this case.

DATED: Windermere, Florida, January 29, 2019.

James E. Preusser

17